

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2007

# Jayadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Jayadi v. Atty Gen USA" (2007). *2007 Decisions.* Paper 519.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/519

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1542

ACHMAD JAYADI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
HOMELAND SECURITY,

Respondents

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A96-251-989
Immigration Judge: Charles M. Honeyman

Submitted Under Third Circuit LAR 34.1(a)
May 24, 2007

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Filed: August 30, 2007)

OPINION OF THE COURT

---

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

TASHIMA, <u>Circuit Judge</u>.

Achmad Jayadi ("Jayadi") petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding a decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Jayadi contends that: (1) the IJ erred in determining that he had not suffered past persecution on account of his religion, ethnicity, and membership in a particular social group; (2) the IJ improperly failed to consider a pattern or practice of persecution of Christian Chinese homosexuals in Indonesia; (3) the IJ erred in determining that he would not suffer future persecution; and (4) the IJ's findings and conduct showed a predisposition to find against him and violated his right to due process of law. Because we conclude that the IJ's decision is supported by substantial evidence and that Jayadi's right to due process was not violated, we will deny the petition for review.

I.

Jayadi, a citizen of Indonesia, contends that he entered the United States in order to escape persecution and violence that was directed against him by the native Indonesian Muslim population on account of his being ethnically Chinese, a practicing Christian, and a homosexual. Jayadi applied for asylum and the asylum officer referred the matter to immigration court. At his hearing before the IJ, Jayadi admitted the allegations in the notice to appear, renewed his request for asylum, submitted supporting documents, and

2

sought withholding of removal and relief under the CAT.

As examples of persecution he suffered on account of being ethnically Chinese, Jayadi stated that he and his family were attacked in their home by Muslims in 1975. His father and several of his brothers were stabbed with knives, while Jayadi, his mother, sister, and niece hid in a bedroom. Thereafter, a policeman involved in the case evidently assisted in obtaining a birth certificate for Jayadi which provided him with a Muslim name, for his protection. But because Jayadi retained the physical characteristics of his Chinese ethnicity, he was laughed at by his classmates for having a Muslim name when he looked Chinese. Jayadi testified that he was assaulted in 1989 because of his ethnicity. He had been waiting at a bus stop when some native Indonesians approached him and said, for example, "Hey Chinese you get away from my country, this isn't yours," and demanded money. Jayadi testified that one man took a chain and wallet from him, and that he was knocked down and beaten while on the ground, requiring stitches to his foot and injuring his thumb. He also testified, however, that he did not experience any other incidents that he believed were due to his ethnicity.

Jayadi also sought relief on account of his Catholic religion, citing a bomb scare at his church on Christmas Eve, 2000. No bomb was found, but a bomb exploded at a church four or five miles away. Jayadi testified that he would feel that he needed to go to church surreptitiously, but acknowledged that he had never personally had any negative experiences in Indonesia because of his Catholic faith. The 2004 State Department

Country Report for Indonesia indicates that the government generally respects the right under the Indonesian Constitution to worship according to one's own religion or belief, and cites "notable advances in interreligious tolerance and communication." The Report indicates that the Indonesian Ministry of Religious Affairs extends official status to Catholicism and, although some religious violence occurred during the time period covered by the Report, the government attempted to combat it.

Jayadi also testified that his family fears for his safety in Indonesia and told him to leave the country because he is homosexual. Jayadi added that he did not go out socially with his partner in Indonesia because there were no places for homosexuals, and that he had read on the Internet that there was a new regulation in Indonesia that would render homosexuality illegal. When asked if he had encountered any "negative incidents" in Indonesia due to his sexual orientation, however, he responded, "[n]one, not really." When the IJ referred to reports in the record that there had been gay film festivals and a gay pride parade in Indonesia in 1999, Jayadi expressed his doubts about these occurrences, but the record also disclosed additional information about attractions for homosexual tourists and others in Indonesia.

The IJ denied relief. He found that Jayadi had failed to satisfy his burden of adducing evidence of past persecution on account of his Chinese ethnicity, Catholicism, and homosexuality, explaining in part that the single robbery / assault in 1989 did not constitute past persecution, "even when combined with the other lesser incidents of

4

harassment, insult and discrimination." The IJ also rejected Jayadi's claim of a well-founded fear of future persecution. However, the IJ exercised his discretion to grant Jayadi's alternative request for voluntary departure. On appeal, the BIA dismissed the appeal, adopting and affirming the IJ's decision. This petition for review followed.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) to review a final order of removal. When the BIA affirms an IJ's decision without opinion, as occurred here, we review the IJ's opinion and reasoning. Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004); Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We review the IJ's factual determination of an alien's eligibility for asylum under the substantial evidence standard. Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003). Accordingly, the IJ's factual findings "will be upheld to the extent that they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole,'" and may be reversed only if any reasonable factfinder would be compelled to make a contrary determination. Id. (citation omitted); 8 U.S.C. § 1252(b)(4)(B). Jayadi contends that the IJ unreasonably concluded that he failed to establish past persecution and a well-founded fear of future persecution, either one of which, if it had been shown, would have rendered him eligible for asylum as a refugee. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); Lie v. Ashcroft, 396 F.3d 530, 534-35 (3d Cir. 2005).

With respect to Jayadi's first argument in support of this position, we conclude that

5

substantial record evidence supports the IJ's finding that Jayadi's asserted history of being a victim of his family's intimidation in 1975, the incident in 1989, and insults and harassment, all at the hands of non-governmental fellow citizens, does not qualify as persecution on account of his Catholicism, Chinese ethnicity, or homosexuality. "[A]s with any claim of persecution, the acts must be committed by the government or forces the government is either unable or unwilling to control." Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006); Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Accord Lie, 396 F.3d at 536 ("We agree with the Ninth and Tenth Circuits that Lie's account of two isolated criminal acts [accompanied by the use of racial epithets], perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution."); Abdille v. Ashcroft, 242 F.3d 477, 494-495 (3d Cir. 2001) (finding proffered evidence of persecution inadequate to warrant overturning BIA's decision).

Jayadi's second argument is that the BIA's decision must be reversed because the IJ never considered the evidence he submitted suggesting a pattern or practice of persecution that would have led to a finding that he had a well-founded fear of future persecution. Jayadi relies on a portion of Sukwanputra, where the court required the consideration of pattern-or-practice evidence on remand when the IJ did not "specifically address[] whether a pattern or practice of persecution existed." 434 F.3d at 637. Here, however, the IJ specifically addressed and rejected Jayadi's evidence of a purported

6

pattern or practice of discrimination.  Sukwanputra is, therefore, not controlling on this issue.

Third, we similarly conclude that Jayadi failed to establish a well-founded fear of future persecution.  See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003) (outlining standard); Sukwanputra, 434 F.3d at 637 (same).  As a preliminary matter, because the IJ found that Jayadi had not demonstrated past persecution, Jayadi is not entitled to a presumption that he has a well-founded fear of future persecution.  See 8 C.F.R. § 208.13(b)(1); Lie, 396 F.3d at 535.  Moreover, Jayadi's case is distinguishable from In re O-Z- & I-Z-, 22 I. & N. Dec. 23 (BIA 1998), because in that case, the alleged incidents of persecution were reported to the police and the police promised to take care of them each time, but never took action.  Id. at 24.  There is no comparable evidence in Jayadi's case of the state's complicity in the alleged acts of violence.  Accord Abdille, 242 F.3d at 495.  Accordingly, and given the applicable country report, we conclude that the IJ's decision was supported by substantial evidence.  See, e.g., Xie v. Ashcroft, 359 F.3d 239, 244 (3d Cir. 2004) ("Even assuming the [State Department Country] Report was vague or ambiguous, so long as the BIA could have used the Report to conclude that Xie's sterilization claim is untenable, the BIA is entitled to do so."); Kayembe v. Ashcroft, 334 F.3d 231, 236 (3d Cir. 2003) ("Just because the State Department report cuts both ways . . . does not mean that it does not constitute substantial evidence.").  Notably, we have held that violence directed against Chinese Christians in Indonesia "does not appear to be

7

sufficiently widespread as to constitute a pattern or practice," Lie, 396 F.3d at 537, and Jayadi failed to adduce evidence that would have warranted a contrary conclusion in his case.

Fourth, we reject Jayadi's contention that the IJ's findings and conduct showed a predisposition to find against him and violated his right to due process. To the contrary, the IJ and BIA properly concluded that Jayadi did not have a history of past persecution or, based on the improving conditions and situation in Indonesia both for religious and ethnic tolerance and as concerns homosexuality, as disclosed in the record, a well-founded fear of future persecution. Importantly, "[m]ere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum." Konan v. Attorney Gen., 432 F.3d 497, 506 (3d Cir. 2005) (citation and quotation marks omitted). Moreover, in order to be entitled to relief under the CAT, Jayadi "bears the burden of establishing that it is more likely than not that he . . . would be tortured if removed to [Indonesia]." Zubeda, 333 F.3d at 471 (citation and quotation marks omitted). Jayadi failed to make such a showing. See also Guo v. Ashcroft, 386 F.3d 556, 561 n.4 (3d Cir. 2004) ("[A]n applicant who does not qualify for asylum also does not qualify for withholding of removal."); Sevoian v. Ashcroft, 290 F.3d 166, 174-77 (3d Cir. 2002) (describing standards for relief under the CAT).

Accordingly, we conclude that the IJ reasonably found that Jayadi failed to meet his burden of showing that the cited incidents were sufficiently severe to constitute past persecution, that he had a well-founded fear of future persecution, or that he was entitled to relief under the CAT. We further conclude that Jayadi's right to due process was not violated.

III.

For the foregoing reasons, we will deny Jayadi's petition for review of the BIA's removal order denying him asylum, withholding of removal, and relief under the CAT.